IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MORGAN and LIBERTY RISK CONSULTING, LLC, and INFLUENCED EDGE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AMY NOSS, KEITH HICKEY, JOYCE MORGAN, BRITTANY PADUGANAN, and ETBP ENTERPRISES, LLC d/b/a THRIVE TALENT MANAGEMENT,<br><br>Defendants. | Civil Action<br><br>No. 2:22-cv-1631<br><br>Magistrate Judge Lenihan |

## DEFENDANTS BRITTANY PADUGANAN AND ETBP ENTERPRISES, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

Defendants, Brittany Paduganan and ETPB Enterprises, LLC d/b/a Thrive Talent Management ("Moving Defendants") by undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), file this Motion to Dismiss, and in support state as follows.

1. Plaintiffs, Michael Morgan, Liberty Risk Consulting, LLC ("LRC"), and Influenced Edge, LLC ("IE"), have filed a thirteen-count Amended Complaint against Defendants, alleging various types of misconduct in the general nature of unfair competition and defamation. Relevant to this Motion, Plaintiffs have alleged the following claims against Moving Defendants, Brittany Paduganan and ETPB Enterprises, LLC d/b/a Thrive Talent Management ("Thrive"):

    a. Count I: Violation of the Defend Trade Secrets Act, by Plaintiffs LRC and IE against all Defendants;

    b. Count II: Violation of the Pennsylvania Uniform Trade Secrets Act, by Plaintiffs LRC and IE against all Defendants;

  c. Count III: Misappropriation of Confidential Business Information, by Plaintiffs LRC and IE against all Defendants;

  d. Count IV: Violation of the Computer Fraud and Abuse Act, by Plaintiffs LRC and IE against all Defendants;

  e. Count VII: Tortious Interference With Existing Contractual Relations, by Plaintiffs LRC and IE against all Defendants;

  f. Count VIII: Unjust Enrichment, by Plaintiffs LRC and IE against all Defendants;

  g. Count IX: Unfair Competition, by Plaintiffs LRC and IE against all Defendants;

  h. Count X: Civil Conspiracy, by Plaintiffs LRC and IE against all Defendants;

  i. Count XI: Defamation Per Se, by all Plaintiffs against Defendant Paduganan;

  j. Count XII: Defamation, by all Plaintiffs against Defendant Paduganan;

  k. Count XIII: Commercial Disparagement/Trade Libel, by all Plaintiffs against Defendant Paduganan.

 **A. Personal Jurisdiction**

  2. For the reasons set further forth in the accompanying Brief in Support of this Motion and in the accompanying Declaration of Brittany Paduganan (Exhibit 1), Plaintiffs cannot meet their burden of establishing that Ms. Paduganan purposely availed herself of Pennsylvania or that she has the requisite minimum with Pennsylvania to establish personal jurisdiction over her as to Plaintiffs' defamation claims. As such, Moving Defendants move for dismissal of Counts XI, XII, and XIII for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

  3. For the reasons set forth in the accompanying Brief in Support of this Motion and the accompanying Declaration of Brittany Paduganan (Exhibit 1), Plaintiffs cannot meet their

burden of establishing that Ms. Paduganan and/or Thrive purposely availed themselves of Pennsylvania or that they have the requisite minimum contacts with Pennsylvania to establish personal jurisdiction over them as to the remaining Counts (Counts I-IV and VII-X). As such, Moving Defendants move for dismissal of Counts I-IV and VII-X for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

4. Moreover, any allegations that might establish personal jurisdiction over Counts I-IV and VII-X are disputed. To the extent that the Court finds that Plaintiffs have alleged facts that, if true, could meet their burden of establishing personal jurisdiction as to the remaining Counts, Moving Defendants request jurisdictional discovery and/or an evidentiary hearing regarding the truth of those allegations.

**B. Failure to State a Claim**

5. For the reasons further set forth in the accompanying Brief in Support of this Motion, Plaintiffs have not pleaded sufficient factual matter to state a facially plausible claim against Moving Defendants under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. As such, to the extent that the Court determines that it has jurisdiction over Moving Defendants as to Count IV, they move for dismissal of Count IV for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

6. For the reasons further set forth in the accompanying Brief in Support of this Motion, Plaintiffs have not pleaded sufficient factual matter to state a facially plausible claim against Moving Defendants for tortious interference, as it relates to alleged contracts with clients. As such, to the extent that the Court determines that has jurisdiction over Moving Defendants as to Count VII, they move for dismissal of Count VII as it relates to clients for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

7. After Plaintiffs received notice of the deficiencies set forth herein and had an opportunity to file an Amended Complaint, Plaintiffs have been unable to cure the above deficiencies. As such, further amendment would be futile.

WHEREFORE, Moving Defendants specifically request that this Court dismiss all Counts against Moving Defendants, for lack of personal jurisdiction and/or failure to state a claim, with prejudice. In the alternative to the request to dismiss all Counts for lack of personal jurisdiction, Moving Defendants respectfully request an evidentiary hearing and/or jurisdictional discovery with respect to personal jurisdiction.

Respectfully submitted,

ELZER LAW FIRM, LLC

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157
Tamra Van Hausen
Pa. I.D. No. 330577
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 230-8436
(412) 206-0855 (fax)
celzer@elzerlaw.com

Attorneys for Defendants
Brittany Paduganan and
ETBP Enterprises, LLC