IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MORGAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 22-1631 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Kezia O. L. Taylor |
| AMY NOSS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

The Motion for Default Judgment (Doc. 59) filed by Defendants/Third-Party Plaintiffs will be denied without prejudice. As acknowledged in the Motion, some of the claims against the defaulted Third-Party Defendant, ALYSA DEGEORGE, are for derivative liability. *See id.* at para. 3. Those presently cannot be reduced to judgment, and the Motion is premature in that respect. As for the independent claims, the Court follows the precedent indicating that the preferred practice, in cases where there are non-defaulting defendants, is to wait. *See, e.g.*, Hagenbaugh v. Nissan N. Am., Inc., 2023 WL 4188019, *2 (M.D. Pa. Jun. 26, 2023) (citing and quoting authority relying on the Supreme Court's decision in Frow v. De La Vega, 82 U.S. 552 (1872)). This result also is consistent with Federal Rule 54(b), which directs that final judgment on third-party claims may be entered sooner only "if the court expressly determines that there is no just reason for delay." *Id.* The movants have not addressed this standard, and the Court does not believe it can be satisfied. Accordingly, the Motion for Default Judgment (**Doc. 59**) is **DENIED**, without prejudice to refiling later.

In the meantime, the case will proceed with respect to the appearing parties only. Any case management or other orders shall be read to exclude the defaulting party,

who is neither required nor permitted to participate in the proceedings, unless and until default judgment is revisited, or the default is set aside.  Until then, the Court and parties owe no obligation to serve filings on the defaulted party.

One other matter warrants attention, namely, the issue of magistrate judge consent.  Recently, the appearing parties, unsolicited, filed revised consent/DJ option forms.  *See* Docs. 60, 61 & 62 (filed "ex parte" in CM/ECF).  Therein, one or more parties have selected the district judge option.

The supplemental filings are legally inconsequential.  When parties consent to the jurisdiction of a magistrate judge, they do so *without* reference to a specific magistrate judge.  Under Federal Rule 73(b)(3) and 28 U.S.C. § 636(c)(4), parties are required to show "extraordinary circumstances" for the referral to be vacated.  No appearing party has done so here.  Allowing litigants to withdraw their consent – absent such a showing – would invite the practice of "judge-shopping," which is roundly disfavored.

Nevertheless, the undersigned will remain the presiding Judge, and Judge Taylor the referred Magistrate Judge, for an entirely independent reason.  Namely, the defaulted party's failure to participate is insufficient grounds for finding implied consent.  Pasqualini v. Altieri Enter., Inc., 2010 WL 28655, *6 (M.D. Pa. Jan. 5, 2010) (citing Henry v. Tri-Services, Inc., 33 F.3d 931, 932 (8th Cir. 1994)).  Although some district courts have held that default alone suffices, those rulings are contradicted by an overwhelming majority of the reported decisions.  More importantly, they are inconsistent with Court of Appeals for the Third Circuit's reasoning in recent binding opinions (albeit, within slightly different contexts).  *See* Prater v. Dep't of Corr., 76 F.4th 184, 198 (3d Cir. 2023) ("consent is required from named plaintiffs and from [all] defendants who are directly affected by an order or a judgment issued by th[e] magistrate judge,

including yet-to-be-served parties but excluding parties the plaintiff failed to timely serve") (citation and internal quotations omitted, emphasis added)[1] *and* <u>Burton v. Schamp</u>, 25 F.4th 198, 209-11 (3d Cir. 2022) (where the record "shows only that the defendant[ was] aware of being sued," implied consent will not attach).

    IT IS SO ORDERED.

February 23, 2024                                                                                                s/Cathy Bissoon
                                                                                              Cathy Bissoon
                                                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] Here, proof of service regarding the defaulted-party has been filed. *See* Doc. 51. Consent may not be excused based on a failure of timely service.